MANUEL AVILÉS, peticionario, *v.* CORTE DE DISTRITO DE ARECIBO, HON. R. AGRAÍT ALDEA, JUEZ, demandada; GEORGINA CORREA y ÁNGEL HERNÁNDEZ, interventores.

Núm. 1743.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 23, 1948.

*Herminio Miranda* y *Joaquín Lago Padín,* abogados del peticionario; *Joaquín Gallart Mendía* y *Ramón Cancio,* abogados del Departamento del Trabajo y a su vez de los interventores, demandantes en los pleitos principales.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

La única cuestión envuelta en este recurso es si un obrero tiene derecho a reclamar el sueldo correspondiente a un mes por concepto de indemnización, según lo dispone la Ley núm. 84 de 1943, pág. 197, cuando un patrono lo despide por haber arrendado su negocio a otra persona.

En la demanda se alega por los aquí interventores que el peticionario explota como dueño un negocio de *bar* restaurante; que trabajaron como empleados del peticionario en dicho negocio por varios meses bajo un contrato verbal, por un sueldo convenido de $10 por semana sin término fijo o determinado; que cumplieron con todas las obligaciones de su empleo hasta el día 31 de agosto de 1945, fecha ésta en que el peticionario, sin justa causa, los despidió de su empleo sin que antes les hubiese abonado las sumas de $43.33 a cada uno que les corresponde, a tenor con la Ley núm. 84, supra.

Contestó el peticionario aceptando que los interventores habían sido sus empleados bajo los términos expuestos en la demanda, pero alegando como materia de defensa que para el día 31 de agosto cedió en arrendamiento el negocio de restaurante a doña María Quiñones y Manolo Hernández por un canon diario de $2.25, siendo ésta la causa por la cual se vió obligado a renunciar a los servicios de los interventores, y que por tanto, dichos servicios fueron cesados por justa causa. La corte inferior dictó sentencia ordenando al peticionario a satisfacer a cada uno de los interventores la suma de $42.86, correspondiente a un mes de sueldo.

■■ Arguye el peticionario que no hay justa causa en aquellos casos en que el patrono, caprichosamente, sin razón lógica alguna, despide a un empleado que cumple sus obligaciones y no ha dado motivo alguno para que se le despida. Pero cuando la despedida se debe a algún acto que, aunque motivado por una acción patronal, no se debe a su capricho, sino que es consecuencia lógica de una transacción lícita y en el curso de los negocios, cual es un arrendamiento del establecimiento, existe claramente la justa causa que contempla la ley.

Convenimos con el peticionario y opinamos que existe justa causa cuando un patrono despide a su empleado por

motivos de haber cedido el negocio en arrendamiento a otra persona, y por lo tanto, no está obligado a cumplir con lo dispuesto en la Ley núm. 84, supra.

En el caso de *P. R. Cap & Tires Sales Corp.* v. *Tribunal de Distrito,* 68 D.P.R. 398, en donde se planteó una cuestión similar a la que aquí nos ocupa, dijimos:

"Como se ve, es a los tribunales de justicia a quienes incumbe, después de tomar en consideración los hechos y circunstancias especiales de cada caso, determinar si la despedida del trabajador estuvo justificada o si fué caprichosa o injustificada. La obligación de indemnizar al obrero que ha sido despedido del trabajo, cuando el contrato se hizo sin tiempo determinado, no es absoluta. Esa obligación surge cuando se le despide caprichosa e innecesariamente, sin una causa, razón o motivo que justifique el que el patrono prescinda de los servicios del obrero. . . .

"No existe controversia en cuanto al hecho de que la causa que motivó la despedida del obrero interventor fué la falta de trabajo y actividad en la planta de la corporación demandada. No es ésa una causa que pueda ser calificada como caprichosa o injusta. Injusto sería obligar a un patrono cuya planta ha sido destruída por un incendio a pagar a todos sus empleados, a quienes ya no necesita, un mes de sueldo. . . . El propósito del legislador ha sido proteger al trabajador en su derecho a continuar en su empleo y a no ser despedido caprichosamente o sea sin justa causa y sustituído por otro trabajador, siempre que el patrono continúe sus actividades y necesite los servicios del obrero."

En el caso de autos no existe controversia alguna en cuanto al hecho de que la causa que motivó la despedida de los obreros interventores fué que el patrono cedió en arrendamiento el negocio en donde ellos trabajaban. A nuestro juicio, los interventores no fueron despedidos caprichosa e innecesariamente, sino por justa causa como contempla la ley.

Creemos necesario aclarar que nuestra opinión se basa en la presunción no controvertida de que el contrato de arrendamiento del restaurante ha sido celebrado de buena

fe y no simuladamente con el propósito de despedir a los demandantes sin tener que pagarles el mes de sueldo provisto por la ley.

*La sentencia recurrida será revocada y el caso devuelto a la corte inferior con instrucciones de dictar sentencia declarando sin lugar la demanda.*

El Juez Asociado Sr. De Jesús no intervino.