RAFAEL A. BLANES, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. EMILIO S. BELAVAL, JUEZ, demandado; MIRIAM RODRÍGUEZ DE ALVAREZ, ASISTIDA POR SU ESPOSO AMÉRICO ALVAREZ, interventores.

Núm. 1758.—*Sometido:* Junio 1, 1948. *Resuelto:* Julio 9, 1948.

114

*Guillermo Silva* y *Brown, Newsom & Córdova,* abogados del peticio-
nario; *Vicente Géigel Polanco,* abogado de la interventora, de-
mandante en el pleito principal.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Expedimos el auto de *certiorari* en este caso para revisar la sentencia dictada por el Tribunal de Distrito de San Juan declarando con lugar la demanda interpuesta por Miriam Rodríguez de Alvarez en contra del Dr. Rafael A. Blanes en reclamación de una mesada de sueldo por haber sido despedida, sin justa causa, de su empleo como técnica de Rayos X.

En la demanda radicada en la Corte Municipal de San Juan se alegó que la demandante estuvo trabajando con el demandado bajo contrato verbal desde el 7 de septiembre de 1945 hasta el 14 de octubre de 1946, por un sueldo convenido de $100 mensuales, no teniendo dicho contrato tiempo señalado o fijo para su duración; que ella cumplió con todas las obligaciones de su empleo hasta la última fecha mencionada en que el demandado, sin justa causa o motivo justificado, la despidió sin que antes le hubiera abonado la suma de $100 que le corresponde. (1)

El demandado en su contestación aceptó haber empleado a la demandante en la forma expuesta en la demanda pero negó que ella cumpliera con todas las obligaciones de su empleo, y por el contrario alegó que la demandante fué negligente en el desempeño de su empleo, haciendo sus labores en forma ineficiente, no observando las horas de oficina y no comportándose con su patrono con el debido respeto y propiedad. (2)

(1)La sección 1 de la Ley núm. 43 de 28 de abril de 1930 (pág. 357), según quedó enmendada por la Ley núm. 84 de 12 de mayo de 1943 (Leyes de 1943, pág. 197) dispone: ''Todo empleado de industria o de cualquier otro negocio lucrativo, contratado sin tiempo determinado, que fuere despedido de su cargo sin justa causa, tendrá derecho a recibir de su patrono, en adición al sueldo que hubiere devengado, el sueldo correspondiente a un mes por concepto de indemnización; *Disponiéndose,* que las disposiciones de esta Ley no serán aplicables a los mancebos ni factores de comercio, para los cuales regirá lo dispuesto en el Código de Comercio.''

(2)De estas causas para el despido, la única que es objeto de esta revisión es la que se refiere a la negligencia de la demandante en el desempeño de sus labores y si dicha negligencia fué condonada por el patrono.

La corte municipal declaró sin lugar la demanda, y apelado el caso al tribunal inferior la declaró con lugar diciendo en su sentencia, en parte, lo siguiente:

"La negligencia de la empleada consistió, no en la falta de pericia de fotografiar las radiografías que le eran ordenadas por su patrono, sino que algunas veces, 6 de ellas comprobadas por las propias placas radiográficas presentadas en evidencia por el patrono, la querellante no marcó a qué lado correspondía la placa tomada por la querellante. El propio patrono reconoce que su empleada era diestra aunque él consideraba que estos descuidos eran imperdonables. . . . Hace algún tiempo resolvimos el caso de Rolando Olivieri v. Puerto Rico Cap & Tire Sales Corporation, civil número 476 de este tribunal, resuelto el 16 de julio de 1947, donde francamente llegamos a la conclusión, mientras otra cosa no resuelva el Tribunal Supremo de Puerto Rico, que siguiendo la política de los Tribunales Españoles, sólo reconoceríamos como justa causa para el despido de un obrero los que establece el artículo 300, del Código de Comercio Español, igual al artículo 218 del Código de Comercio de Puerto Rico, o sea (1) el fraude o abuso de confianza en las gestiones encomendadas al empleado, (2) hacer negociaciones por cuenta propia en competencia con el negocio de su patrono, y (3) faltar gravemente al respeto y consideración debidos a dicho patrono o a las personas de su familia o a las personas que trabajen en cualquiera dependencia del patrono. Puede ser que nos sintiéramos inclinados en algunas otras circunstancias en que se nos demuestre una ostensible violación a los términos del contrato de trabajo a realizar, a ampliar estas causas de despido, hasta cubrir otras modalidades. Pero indudablemente la evidencia producida en este caso no nos mueve a considerar, *que exista una causa por negligencia para el despido de esta querellante.* El hecho de que la misma estuviera empleada por un período de alrededor de un año con el patrono, nos demuestra, *que a pesar de estas negligencias transitorias en el desempeño de su trabajo el patrono estuvo conforme en continuar con su empleada, o sea, hay una remisión de parte de cualquiera conducta impropia que hubiera observado la empleada.*" (Bastardillas nuestras.)

■ La sentencia en el caso de *Olivieri* v. *Puerto Rico Cap & Tire Sales Corporation,* a que hace referencia el tribunal inferior, fué anulada por esta Corte Suprema el 15 de

marzo de 1948, al ser revisada en el certiorari núm. 1728 de *Puerto Rico Cap & Tire Sales Corp.* v. *Tribunal de Distrito,* 68 D.P.R. 398, y en él resolvimos que ". . . es a los tribunales de justicia a quienes incumbe, después de tomar en consideración los hechos y circunstancias especiales de cada caso, determinar si la despedida del trabajador estuvo justificada o si fué caprichosa o injustificada."

Hemos leído detenidamente la prueba presentada en este caso y somos de opinión que el tribunal a quo erró, como cuestión de derecho, al resolver que no existió causa por negligencia para el despido de la demandante debido a que las "negligencias" fueron "transitorias en el desempeño de su trabajo y el patrono estuvo conforme en continuar con su empleada, o sea, hay una remisión de parte de cualquier conducta impropia que hubiera observado la empleada."

Que la empleada incurrió repetidas veces en negligencia, lo demuestra claramente la prueba y lo admite como hecho probado la corte sentenciadora. No fué en octubre de 1946 la única vez en que la demandante fué despedida por el Dr. Blanes. En el mes de mayo de 1946 fué despedida por primera vez. Explicando el motivo el peticionario declaró lo siguiente:

"P. ¿Estuvo la señora Rodríguez trabajando continuamente con usted?

R. No, ella fué despedida por primera vez en mayo de 1946.

P. ¿Por qué razón?

R. La señora Álvarez hoy, entonces señorita Rodríguez, al poco tiempo de estar en mi oficina, demostró tener un carácter incompatible con el resto del personal, y desarrolló gradualmente . . . dejó demostrada una ineficiencia en el desempeño de los deberes de su cargo. Por ejemplo, repetidas veces, al tomar una radiografía, o no me marcaba la placa o equivocadamente me marcaba el lado derecho por el lado izquierdo. Esto yo lo podía comprobar varias veces, lo comprobé estando en el cuarto radiológico, al ella poner la plaquita, me daba cuenta de ese error en cuanto a las radiografías tomadas. Por ejemplo, hay algunas regiones anatómicas en el

cuerpo donde por algún sitio uno puede deducir si se trata del lado derecho o del izquierdo. En esos casos yo pude comprobar que ella se equivocaba al tomar la radiografía y marcarla, de lo cual se le llamó la atención en múltiples ocasiones. Esto me ocasionaba a mí el tener que volver a llamar al paciente para tomarle nuevas radiografías, o el tomar más radiografías que las necesarias en algunos casos debido a esa equivocación.

P. ¿Y allá en el mes de mayo de 1946 específicamente, por qué fué que usted la despidió a ella?

R. Específicamente en esa época fué despedida. Yo recuerdo que un día se tomó una radiografía de cráneo por la tarde. Al otro día, cuando la secretaria me trajo la radiografía para yo leerla, encontré que no me había marcado el lado derecho del izquierdo. En el cráneo es completamente imposible decir si se trata del lado derecho o del izquierdo. Ese día ella no vino a trabajar. Faltó. Al otro día también. No presentó excusa ninguna por su trabajo, y debido a todo esto le escribí una carta dejándola cesante, pagándole su trabajo hasta ese día.''

Declaró, además, el peticionario que a petición de la demandante y su madre, a los diez o doce días de haber sido despedida la volvió a colocar debido a que había gran escasez de técnicas radiológicas (*sic*) y decidió darle otra oportunidad pero que, a pesar de que ella trabajaba bien, pues la calidad de las placas que tomaba era muy buena, fué ''el descuido, en la irresponsabilidad de su carácter en un trabajo tan delicado como ése, por lo cual yo me vi precisado a prescindir de sus servicios . . .'', y procedió a explicar las equivocaciones en que incurría la demandante al marcar las placas radiográficas, las cuales le obligaban a tomar nuevas radiografías, sufriendo él la pérdida que esto significaba; que cada vez que esto ocurría le llamaba la atención a su empleada; que además de los casos específicos que llevó a la corte, con sus placas, había otros; que a pesar de que en la tarjeta del paciente se hace constar el sitio donde ha de tomarse la radiografía, hay casos en que no se puede determinar dicho sitio o lado si la placa misma no lo indica.

No podemos convenir con la corte inferior en que, ''a pesar de estas negligencias transitorias en el desempeño de

su trabajo, el patrono estuvo conforme en continuar con su empleada, o sea hay una remisión . . . de cualquier conducta impropia que hubiera observado la empleada." La prueba demostró que el peticionario tuvo que despedir a su empleada en el mes de mayo y que la volvió a colocar a los pocos días. Al así hacerlo, aceptamos que hubo una condonación o remisión de los actos de negligencia cometidos por su empleada anteriormente. Esto no significa, sin embargo, que habiéndose probado otros actos de negligencia con posterioridad a la fecha de haberla empleado de nuevo, estuviera el patrono impedido de despedirla debido a la remisión anterior, y que dicho despido fuera sin causa justificada.

Que la negligencia o incompetencia en el desempeño de un cargo o empleo es causa suficiente para el despido del empleado, aun cuando el contrato sea por un término fijo, ha sido reiteradamente resuelto. Véase la monografía "Negligence or incompetency as a ground for discharge of an employee" en 49 A.L.R. 472. Es regla aceptada también que la remisión o condonación por parte del patrono de la conducta negligente del empleado puede ser un impedimento para que lo despida por dicha conducta anterior si en el futuro el empleado no vuelve a incurrir en ella. Empero, esa remisión o condonación está condicionada a que los actos de negligencia no se repitan. En el caso de *Hill Cattle Corporation* v. *Killorn,* 256 P. 497 (Mont. 1927), se expuso la doctrina en esta forma:

"La condonación de anteriores infracciones a un contrato está sujeta siempre a la condición implícita de buena conducta futura en cumplimiento de los términos del contrato (citas) y el hecho de que un empleado sea retenido después de haber cometido una infracción de su contrato de empleo, no impedirá que el patrono la utilice como causa del despido, si la infracción se repite." (Citas.)

Al mismo efecto véase *Gordon* v. *Dickinson,* 130 S.E. 650 (W. Va. 1925); 44 A.L.R. 526; *Gray* v. *Shepard,* 147 N. Y. 177, 41 N. E. 500 y 35 Am. Jur., 481, sec. 50.

En todo contrato de empleo existe, expresa o implícita, la condición de que el empleado habrá de cumplir los deberes de su empleo en forma competente y, como consecuencia, si se demuestra que el empleado es incompetente, ineficiente o negligente, en tal forma que el continuar con sus servicios resultaría en perjuicio del patrono y aun de terceras personas, ese hecho constituye justa causa para el despido. Véanse los casos citados en la monografía de 49 A.L.R. a la pág. 473.

Como dijimos en el caso de *Puerto Rico Cap & Tire Sales Corp.* v. *Tribunal de Distrito,* supra: "La obligación de indemnizar al obrero que ha sido despedido del trabajo . . . no es absoluta. Esa obligación surge cuando se le despide caprichosa o innecesariamente, sin una causa, razón o motivo que justifique el que el patrono prescinda de los servicios del obrero." La negligencia reiterada y persistente de la demandante en un aspecto importante de los deberes de su cargo, como lo es sin duda la debida identificación de las placas radiográficas tomadas por ella, ya que al no identificarlas correctamente implicaba pérdida de tiempo y dinero al tener que tomarlas de nuevo para así evitar un posible diagnóstico equivocado, constituyó causa justificada para su despido. El hecho de que en el expediente o tarjeta del paciente se hiciera constar la naturaleza de la placa radiográfica que había de hacerse, no era suficiente para subsanar el error cometido al marcar las placas pues, como explicó el peticionario, había casos en que no podía determinarse por la placa misma de qué sitio o lado del cuerpo había sido tomada.

██ Arguye la interventora que el recurso de certiorari no procede en este caso por no haber ninguna cuestión de procedimiento o jurisdicción envuelta y que se pretende utilizar el auto para revisar la apreciación de la prueba. Ya hemos resuelto en *Pérez* v. *Tribunal de Distrito,* pág. 4, ante, que "Este Tribunal tiene el poder discrecional de expedir

autos de certiorari para revisar errores cometidos por las cortes inferiores no importa la naturaleza del error imputado.'' Además, y como dijimos en el mismo caso citado, la revisión en un caso como el presente está autorizada en la sección 12 de la Ley núm. 10 de 1917 ((2) pág. 217), según quedó enmendada por la Ley núm. 17 de 11 de abril de 1945, (pág. 45).

*La sentencia recurrida será revocada y se dictará otra declarando sin lugar la demanda, sin costas.* (3)

El Juez Presidente Sr. Travieso se inhibió.

El Juez Asociado Sr. De Jesús no intervino.

---

(3)La sección 14 de la Ley núm. 10 de 1917, enmendada por la Ley núm. 17 de 1945, dispone que ''Todas las costas que se devengaren en esta clase de juicios serán satisfechas de oficio.''