El Juez Asociado señor Ramírez Bages no intervino.

MANUEL CASSASÚS RODRÍGUEZ, demandante y recurrente, *v.* ESCAMBRÓN BEACH HOTEL, demandado y recurrido.

*Número:* 61    *Resuelto:* 5 de noviembre de 1962

376

*Manuel Janer Mendía* y *Beatriz C. Casablanca,* abogados del recurrente; *René Benítez,* abogado del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 22 de julio de 1959 Manuel Cassasús Rodríguez comenzó a trabajar como empleado del Escambrón Beach Hotel bajo los términos de un contrato de servicios que incorporó una cláusula de la solicitud de empleo al efecto de que "queda entendido que en caso de que se me conceda empleo, éste tendrá *carácter probatorio* por un término de ciento veinte días (120), contados a partir del día en que empiece a trabajar. Después de transcurrido el término probatorio, adquiriré el carácter de empleado permanente para todos los efectos si continúo trabajando . . ." La empresa prescindió de sus servicios antes de que transcurriera el período probatorio indicado.

Representado por el Secretario del Trabajo, el recurrente inició una querella ante el Tribunal de Distrito, Sala de San Juan, en reclamación de la suma de $195.00, equivalente a un mes de sueldo, alegando que su despido fue injustificado y sin que mediara justa causa.[1] La querellada adujo en su contestación que la separación obedeció a razones de ineficiencia e incompetencia del empleado[2] pero dicho tribunal resolvió escuetamente —sin ulterior referencia a los hechos— que no había mediado justa causa para ello.

La controversia se reduce a determinar si, con vista de los términos del contrato que establece un período probatorio, el recurrente está protegido y cubierto por las disposiciones del artículo 1 de la Ley Núm. 50 de 20 de abril de 1949

---

[1] En general, sobre lo que constituye justa causa, véanse, *Wolf* v. *Neckwear Corp.*, 80 D.P.R. 537 (1958); *Mercedes Bus Line, Inc.* v. *Tribunal de Distrito*, 70 D.P.R. 690 (1949); *Blanes* v. *Tribunal de Distrito*, 69 D.P.R. 113 (1948); *Avilés* v. *Corte*, 69 D.P.R. 1 (1948); *P.R. Cap & Tires Sales* v. *Tribl. de Distrito*, 68 D.P.R. 398 (1948).

[2] Conforme al artículo 3 de la Ley Núm. 50 de 20 de abril de 1949 (Leyes, pág. 127), 29 L.P.R.A. sec. 185, corresponde al patrono alegar en su contestación los hechos que dieron origen al despido y probar que éste estuvo justificado. Cfr. Sección 24 de la Ley Núm. 96 de 26 de junio de 1956 (Leyes, pág. 623), 29 L.P.R.A. (Ap. 1961) sec. 245w; *Limardo Costa* v. *Eastern Sugar Associates*, 84 D.P.R. 269 (1961); *Berríos* v. *Eastern Sugar Associates*, 85 D.P.R. 119 (1962).

(Leyes, pág. 127), 29 L.P.R.A. sec. 183, que lee como sigue: (³)

"Todo empleado de comercio, industria o cualquier otro negocio lucrativo, *contratado sin tiempo determinado,* que fuere despedido de su cargo sin justa causa, tendrá derecho a recibir de su patrono, en adición al sueldo que hubiere devengado, el sueldo correspondiente a un mes por concepto de indemnización."

El Tribunal de Distrito sostuvo que el período probatorio en un contrato de la naturaleza del suscrito por el querellante no hace de dicho contrato uno por tiempo determinado. En apelación el Tribunal Superior sustentó un criterio opuesto por haber ocurrido el despido dentro del período probatorio, y en consecuencia, desestimó la querella.

En la publicación *Vocabulario Obrero-Patronal* preparada por el Departamento del Trabajo (1962), pág. 30, los términos "empleado permanente" y "empleado probatorio" se definen como sigue:

"Empleado Permanente

Empleado que ha pasado el período probatorio, que tiene derecho a todos los beneficios ofrecidos por el patrono y que no puede ser despedido excepto mediante formulación y substanciación de cargos o por condiciones económicas que afecten la industria o establecimiento."

"Empleado Probatorio

Por lo general, el empleado que, de acuerdo con el contrato de empleo, se somete a un período de prueba, y no tiene derecho a los beneficios ofrecidos por su patrono a sus empleados permanentes."

---

(³) La Ley Núm. 43 de 28 de abril de 1930 (Leyes, pág. 357) hacía referencia al sueldo de los empleados de industrias o de cualquier otro negocio lucrativo convenido por mes, quincena o semana, y les concedía en caso de despido el correspondiente a la unidad de trabajo convenida. También requería un previo aviso de quince días de anticipación. Mediante la Ley Núm. 84 de 12 de mayo de 1943 (Leyes, pág. 197) se estableció el derecho a la mesada correspondiente de la forma en que se satisfacía el salario, y se eliminó el requisito de notificación.

En cuanto a los empleados de comercio, y hasta la aprobación de la Ley Núm. 50 de 1949, *supra,* se regía el despido por el artículo 220 del Código de Comercio, equivalente al 302 del Código español.

El propósito legislativo de las disposiciones sobre despido injustificado fue proteger al trabajador permanente en su derecho a continuar en su empleo y a no ser separado caprichosamente, *P. R. Cap and Tires Sales* v. *Tribunal de Distrito*, 68 D.P.R. 398, 403 (1948), basándose en la condición expresa o implícita existente en todo contrato de trabajo de que el empleado habrá de cumplir los deberes de su empleo en forma competente, *Blanes* v. *Tribunal de Distrito*, 69 D.P.R. 113 (1948). El período probatorio en un contrato de trabajo responde precisamente al deseo del obrero de demostrar, y del patrono de comprobar, la competencia y eficiencia del empleado, a cuya terminación pueden retenerse los servicios o prescindirse de ellos dependiendo del juicio que se formule sobre estos extremos. Esta protección se extendió únicamente a los empleados que no se dedican a trabajos casuales o incidentales, y a aquellos en un empleo regular y continuo, o cuando los servicios no deban ser prestados dentro de un período de tiempo determinado, *Rodríguez* v. *Corte*, 65 D.P.R. 614 (1946).

Cuando el contrato de servicios es por tiempo determinado, el incumplimiento por el patrono confiere el derecho a iniciar una acción civil en resarcimiento de los perjuicios ocasionados por el quebrantamiento. *Long Corporation* v. *Tribl. de Distrito*, 72 D.P.R. 788 (1951); véase, artículo 1476 del Código Civil, ed. 1930, 31 L.P.R.A. sec. 4114, que se refiere a los empleados de labranza, menestrales y demás asalariados por término cierto. En los contratos sin tiempo determinado se ha interpuesto la legislación laboral para impedir que al separarse al empleado—que no pueda recurrir a la acción de incumplimiento por no tener término fijo para la prestación de sus servicios—quede en total desamparo económico mien-

tras gestiona y consigue un nuevo empleo. Ahora bien, aun tratándose de un contrato con término fijo, la acción civil por incumplimiento puede estar sujeta a que el empleado haya convenido un período probatorio, y si se prescinde de sus servicios dentro de dicho término, no tendrá causa de acción. De otra forma, no tendría ningún significado la contratación de obreros y empleados por períodos probatorios, pues prácticamente su único efecto se limita a la ausencia de causa de acción en el caso de ser despedido. [4]    Cfr. González de Echavarri, *Comentarios al Código de Comercio y Jurisprudencia Españolas* (1945), págs. 405–406; *Concepto Técnico-Jurídico del Despido, Revista de Derecho Privado*, Feb. 1961, pág. 117.

La parte recurrente descansa con gran énfasis en el siguiente lenguaje utilizado en *Wolf* v. *Neckwear Corporation*, 80 D.P.R. 537, 539–540 (1958):

" . . . se alega que el art. 1 de la Ley Núm. 50 de 20 de abril de 1949 (Leyes, pág. 127), 29 L.P.R.A. sec. 183, que establece el derecho a recibir como indemnización un mes de sueldo cuando el patrono despide sin justa causa a un empleado contratado sin tiempo determinado, no es aplicable al caso de autos.  Sostiene la parte apelante que en el contrato de servicios se fijó un período probatorio de un año *y que por tanto dicho contrato era uno por tiempo determinado*.  No tiene razón.  La cláusula sobre período probatorio obviamente no significa que el contrato habría de durar un año.  *No le fijó término de duración alguno al contrato.*  Además un patrono no puede eludir la disposición de ley sobre mesada mediante una cláusula que le dé derecho a despedir al empleado en cualquier momento y sin justa causa, *si el contrato de servicios es uno por tiempo indeterminado.*"

Sin embargo, a nuestro juicio, en la opinión transcrita no se resuelve que un contrato de servicios con un término proba-

---

[4] Otras consecuencias en el campo de la contratación colectiva, como la obligación de afiliarse a la unión una vez transcurrido el período probatorio, no son objeto de consideración en este recurso.

torio es uno por tiempo indeterminado. Todo cuanto se dice es que el contrato envuelto en dicho caso lo era porque en el contrato allí considerado "la cláusula sobre período probatorio obviamente no significa que el contrato habría de durar un año." Un examen del contrato del caso *Wolf*([5]) demuestra que en realidad no se había convenido período probatorio alguno, y cualquier caracterización en ese sentido era innecesaria. ■

En el presente caso se convino expresamente un período probatorio, a cuya finalización el recurrente adquiriría el carácter de empleado permanente. Hasta que esta permanencia no se lograra, la parte recurrida podría despedirlo dentro del período probatorio sin obligación de pagarle la compensación por despido que señala la ley.([6])

*Se anulará el auto expedido y se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 5 de octubre de 1960.*

---

([5]) La carta-contrato de Neckwear Corporation dirigida a Wolf decía:

"In reference to our conversation of yesterday we offer you the position of production manager with our organization with such responsibilities as would be necessary to that position. The salary would be $5,200 per year payable $100 per week.

We would offer you transportation to and from New York City and salary for one week's vacation for the week you would be away.

This arrangement would be for the first year. After the first year we would discuss any other additional arrangements.

Please sign this letter at place indicated if you accept above terms. Please note that this letter is not a contract and can be terminated by either party at any time during the year."

([6]) Huelga advertir que los tribunales conservan facultad para determinar si en determinado caso se trata de un empleado probatorio. La mera denominación en ese sentido no es decisiva; todo dependerá del conjunto de las circunstancias.