José R. Montalvo, et al., demandantes y recurrentes, *v.* Ceramic Enterprises, demandada y recurrida.

*Número:* R-78-199     *Resuelto:* 6 de octubre de 1978

*Diego E. Mejías Montalvo,* abogado de los recurrentes; *Hartzell, Ydrach, Mellado, Santiago & Pérez,* abogados de la recurrida.

PER CURIAM: Los hechos de este caso se estipularon por las partes. La demandada recurrida, Ceramic Enterprises, convino en emplear al demandante recurrente, José R. Montalvo, en su departamento de contabilidad con sueldo de $700.00 mensuales, a comenzar el 18 de agosto de 1975. El recurrente

laboraría por un período probatorio de noventa días antes de adquirir su cargo carácter permanente.

Para el tiempo de este acuerdo el señor Montalvo trabajaba con American Optical P.R., Inc. Su sueldo era de $600.00 mensuales. El 14 de agosto de 1975 el recurrente renunció a este empleo para cumplir su obligación con Ceramic Enterprises. Al presentarse el señor Montalvo el 18 de agosto de 1975 para asumir su puesto en Ceramic Enterprises se le comunicó, no obstante, por primera vez, que no podía otorgarse el contrato prometido de empleo. La estipulación no expuso las razones para esta determinación de Ceramic. Se estipuló, sin que ello entrañase aceptación de responsabilidad por Ceramic, que el recurrente sufrió daños montantes a $1,000.00 a causa de la referida acción.

El Tribunal Superior desestimó la demanda que interpuso el señor Montalvo por considerar improcedente la compensación por despido injustificado que proveía el Art. 1 de la Ley Núm. 50 de 20 de abril de 1949, 29 L.P.R.A. sec. 183, que a su juicio regula estos hechos. ([1]) Señaló la ilustrada sala sentenciadora, fundándose en *Cassasús* v. *Escambrón Beach Hotel*, 86 D.P.R. 375 (1962), que podía prescindirse de los servicios del señor Montalvo por tratarse de un empleado probatorio.

El 22 de junio de 1978 una Sala de este Tribunal dictó orden para que la recurrida mostrase causa por la cual no debe revocarse este fallo y dictarse sentencia por los daños estipulados, más costas y honorarios de abogado.

■ Ha comparecido la recurrida y argumenta que este Tribunal carece de jurisdicción para entender en este recurso. Expresa que la sentencia se archivó en autos el 28 de abril de 1978 y que el recurso se radicó el 30 de mayo, treinta y dos días más tarde. Según dispone la Regla 68.1 de Procedimiento

---

([1]) Después de ocurrir los hechos que motivaron este pleito la citada ley fue sustituida por la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. sec. 185 (a) y ss. (Suplemento de 1977.)

Civil, el recurso se radicó a tiempo. Los treinta días vencían el 28 de mayo de 1978, que resultó domingo. El día siguiente era feriado. Al radicar el martes, 30 de mayo, se cumplió en consecuencia con lo prescrito por la Regla 53.1 (b) de Procedimiento Civil.

Respecto a los méritos del recurso, la doctrina de *Cassasús* es inaplicable a los hechos de este caso. Aquí no se trata del despido de un empleado y del reclamo de la mesada a que se refería el Art. 1 de la Ley Núm. 50 de 20 de abril de 1949, 29 L.P.R.A. sec. 183. El señor Montalvo nunca llegó a ser empleado. Su acción se funda precisamente en el incumplimiento del acuerdo de emplearlo. Tiene derecho el recurrente al resarcimiento de los daños sufridos. El carácter probatorio que tendría su empleo no anula su causa de acción. Ceramic Enterprises venía obligada a cumplir su promesa de contratar los servicios del recurrente y brindarle la oportunidad ofrecida de convertirse, bajo las condiciones acordadas, en un empleado permanente.

*Se expide el auto solicitado, se revoca el fallo emitido y se ordena el pago por la recurrida a la parte recurrente de la cantidad de $1,000.00 por concepto de daños, más las costas y $500.00 de honorarios de abogado.*

El Juez Asociado Señor Martín no intervino.