González Román, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
La firma de consultores e ingenieros Miguel P. Yélez & Associates apela una sentencia dictada por el extinto Tribunal de Distrito, en una acción por despido injustificado en violación a los términos de un contrato de servicios de inspección. Los servicios consistían en supervisar las obras de construccción del puente Teodoro Moscoso sobre la Laguna San José. La sentencia, emitida el día 31 de octubre de 1994 y notificada con copia del archivo en autos el 15 de noviembre de 1994, condena al apelante al pago de NUEVE MIL OCHOCIENTOS SESENTA DOLARES ($9,860) en concepto de salarios dejados de devengar, más intereses al 8.25%, y MIL DOLARES ($1,000) en concepto de honorarios de abogado y las costas del litigio.
El Sr. Carlos Mattei Nazario, su esposa y la sociedad legal de gananciales compuesta entre ambos, presentaron querella al amparo del Artículo 1476 del Código Civil, 31 L.P.R.A. §4114, mediante el procedimiento sumario que establece la Ley 2 del 17 de octubre de 1961, 32 L.P.R.A. §3118 y siguientes, según enmendada, para la reclamación de ciertos salarios dejados de satisfacer. Sostienen que a pesar que el Sr. Mattei fue contratado para rendir labores a término fijo durante el período que oscila entre el 10 de agosto de 1992 y el 1 de abril de 1994, fue despedido injustificadamente el 17 de septiembre de 1993. Por consiguiente, los querellantes reclaman el pago del remanente de los salarios dejados de devengar al momento del despido y durante la vigencia del contrato de servicios suscrito entre éste y la firma de consultores e ingenieros, en adelante "Vélez & Associates”. Reclaman, además, daños y perjuicios ascendentes a la suma de VEINTE MIL DOLARES ($20,000), como consecuencia del incumplimiento del contrato más la costas, gastos, intereses y honorarios de abogado.
La parte querellada-apelante sostiene que no procede la reclamación incoada por el Sr. Mattei debido a que medió justa causa para la terminación del contrato. Aduce que la rescisión del contrato respondió a la falta de volumen de trabajo, lo que constituye justa causa. Señala, además, que el proyecto fue inaugurado y abierto al público mucho antes de la fecha prevista.
*993 Luego de varios trámites procesales, incluyendo la conversión de la querella originalmente presentada en un procedimiento ordinario, los querellantes obtuvieron sentencia sumaria a su favor. El Tribunal de Primera Instancia condenó a Vélez & Associates al pago a los querellantes de las sumas mencionadas en el primer párrafo de esta sentencia. Oportunamente, Vélez & Associates presentó una solicitud de enmienda a las determinaciones de hecho y de reconsideración, al amparo de las Reglas 43.3 y 47 de las de Procedimiento Civil, 32 L.P.R. A. Ap. III, alegando que las determinaciones quinta y sexta de la sentencia eran erróneas. A pesar de que el tribunal adoptó las enmiendas, dejó inalterada la parte dispositiva de la sentencia en la que condenó al apelante al pago de las sumas antes mencionadas.
Inconformes con el fallo, Vélez & Associates apeló, el 30 de enero de 1995, haciendo dos señalamientos de error. El primero señala que el tribunal apelado incidió al dictar sentencia sumaria, en vista de que existía una genuina controversia de hechos materiales. Cuestionan si en efecto el despido del Sr. Mattei fue por justa causa. En segundo lugar sostienen que el tribunal erró al enmendar los incisos quinto y sexto de las determinaciones de hecho, que establecen que no fueron cuatro sino un sólo trabajador con menos antigüedad que el Sr. Mattei, quien continuó trabajando luego del despido, y al no permitirle presentar prueba sobre las razones y circunstancias que mediaron en tal decisión.
Procedemos a revocar la sentencia apelada por entender que existe controversia material sobre algunos hechos que ameritan ser ventilados en sus méritos dentro de un juicio plenario.
II
La protección del empleo y la justa causa para el despido se refieren a uno de los temas más importantes de nuestra legislación social. Ello responde a que, para salvaguardar otros derechos en el ámbito laboral, es menester proteger al trabajador en la tenencia de su empleo. R. Delgado Zayas, Apuntes para el Estudio de la Legislación Protectora del Trabajo en el Derecho Laboral Puertorriqueño, 1989, a la pág. 109. El propósito que persiguen las disposiciones sobre despido injustificado es proteger al trabajador permanente en su derecho a continuar en su empleo y a no ser separado caprichosamente, basándose en la condición expresa o implícita existente en todo contrato de trabajo de que el empleado habrá de cumplir los deberes de su ocupación en forma competente. Cassasús v. Escambrón Beach Hotel, 86 D.P.R. 375 (1962). De esta forma, nuestro ordenamiento reconoce una acción civil dirigida a conseguir algún tipo de compensación del patrono que despide injustificadamente a un trabajador.
La norma de compensación varía según sea el término del contrato. Bajo un contrato de trabajo, sin tiempo determinado, la ley dispone el pago de una cantidad equivalente a un mes de sueldo, más una semana de compensación por cada año de servicio según dispone la Ley 80 del 30 de mayo de 1976, 29 L.P.R.A. §185 y siguientes, según enmendada. Por otro lado, si el contrato es uno sin tiempo determinado, como en el caso de autos, se aplican los preceptos del Código Civil que rigen la determinación de los daños por el quebrantamiento de las obligaciones contractuales.
El artículo 1476 del Código Civil, supra, provee que los trabajadores asalariados por cierto término o para cierta obra no deben despedirse antes del cumplimiento del contrato sin que medie justa causa. El referido articulado se refiere a empleados de labranza, menestrales y demás asalariados por término cierto. Schneider v. Tropical Gas Company Inc., 95 D.P.R. 626; Cassasús v. Escambrón, supra. Cuando el contrato de servicios es por tiempo determinado, el incumplimiento por el patrono confiere el derecho a iniciar una acción civil en resarcimiento de los perjuicios ocasionados por el quebrantamiento. Luego de esta breve exposición del derecho aplicable y de resaltar la importancia de salvaguardar los-derechos del trabajador que es despedido injustificadamente, veamos por qué no procedía dictar sentencia *994 sumariamente. Al así hacerlo, discutiremos los errores señalados en conjunto, pues ambos giran en torno a la existencia o inexistencia de justa causa en el despido del Sr. Mattei.
Es imperativo señalar que la Ley de Despido Injustificado no es de aplicación al caso que nos ocupa y que la única referencia que a dicha ley puede hacerse es en cuanto a lo que la ley entiende por justa causa. El Art. 1476 del Código Civil, supra, hace mención al concepto, más no lo define. De ahí la referencia a la Ley de Despido Injustificado. Para definir el concepto "justa causa" es necesario acudir al artículo 2 de la Ley 80, supra, que lee de la siguiente manera:

"Se entenderá por justa causa para el despido de un empleado en un establecimiento:

(a) Que el obrero siga un patrón de conducta impropia o desordenada.

(b) La actitud del empleado de no rendir su trabajo en forma eficiente o de hacerlo tardía y negligentemente o en violación de las normas de calidad del producto que se produce o maneja por el establecimiento.

(c)Violación reiterada por el empleado de las reglas y reglamentos razonables establecidas para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.

(d)Cierre total, temporero o parcial de las operaciones del establecimiento.

(e)Los cambios tecnológicos o de reorganización, así como los de estilo, diseño o naturaleza del producto que se produce o maneja por el establecimiento, y los cambios en los servicios rendidos al público.

(f)Reducciones en empleo que se hacen necesarias debido a una reducción en el volumen de producción, ventas o ganancias anticipadas o que prevalecen al ocurrir el despido."

En cuanto a la defensa de justa causa debemos señalar que no existe legislación alguna que establezca una prohibición absoluta de despido de un empleado. La justa causa siempre permite el despido, sin que el patrono incurra en responsabilidad legal alguna, por dicha acción. La justa causa resulta ser entonces la defensa por excelencia de una alegación de despido injustificado. R. Delgado Zayas, supra, a la pág. 115.
Consideramos que en el caso de autos existe controversia material de hechos en torno a si en efecto el Sr. Mattei fue cesanteado por justa causa. La apelante sostiene que las labores para las cuales fue contratado el Sr. Mattei terminaron antes de que venciera el término pactado en el contrato, por lo cual alega que medió justa causa en el despido. Esta contensión podría estar comprendida dentro del inciso (d) del artículo de la ley antes transcrito.
No obstante lo anterior, el tribunal apelado decretó con lugar la demanda al aceptar como cierto que un empleado con menos años de servicio que el Sr. Mattei se mantuvo trabajando con posterioridad al despido de éste. En los casos en que existe un contrato de servicios por tiempo indeterminado, cuando las causas del despido son imputables al patrono, éste viene obligado a cumplir con ciertas normas que provee la propia Ley 80 cuando se reduce el personal de una empresa. Dichas normas no son de aplicación al caso de autos por ser el contrato uno a tiempo determinado.
Al momento de determinar la existencia de justa causa para el despido en un contrato de servicios por tiempo determinado, los tribunales deben evaluar las distintas circunstancias especiales de cada caso que mediaron en el despido. Por consiguiente, el tribunal apelado no *995 debió dictar sentencia sumariamente y debió evaluar las distintas circunstancias que intervinieron en el despido del Sr. Mattei.
III
La sentencia sumaria está regulada por la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III. El propósito de la misma es aligerar la tramitación de un caso permitiendo que se dicte sentencia sin necesidad de que se tenga que celebrar la vista en los méritos. La misma procede cuando la documentación sometida en autos acredita que no existe una controversia genuina en cuanto a ningún hecho material en el litigio. Consejo de Titulares del Condominio Parkside v. M.G.I.C. Financial Corp., 129 D.P.R._, 91 J.T.S. 54.
Todos los hechos presentados en los documentos que acompañan la moción deben verse de la forma más favorable para la parte que se opone a la moción, concediendo a esta parte el beneficio de toda inferencia que razonablemente se pueda derivar de ellos. Jorge v. Universidad Interamericana, 109 D.P.R. 505 (1980); Portis v. Folk Const. Co. Inc., 694 F. 2d 520, 522 (8vo Cir. 1982).
De la documentación sometida en autos se desprende que efectivamente existe una genuina controversia sobre un hecho material en el litigio. Según sostiene la apelante, el hecho aislado de que se hayan mantenido otros contratistas profesionales con menos antigüedad, no configura automáticamente una determinación de que el despido fue sin justa causa, pues correspondía al tribunal apelado examinar las circunstancias que mediaron para éste. También existe una controversia de hecho sobre si la contratación de servicios se pactó exclusivamente hasta la terminación del proyecto sobre la Laguna San José, como sostiene la apelante. Estas controversias deben ser dilucidadas en la celebración de un juicio plenario, en el cual el tribunal tenga la oportunidad de aquilatar prueba y llegar a las conclusiones pertinentes.
Entendemos que erró el tribunal apelado al no considerar las circunstancias y hechos particulares del caso dentro de un juicio plenario. La indemnización por despido es un importante evento de justicia social. No obstante, los tribunales no pueden precipitar sumariamente este tipo de acciones, sin brindarle al patrono la oportunidad de demostrar la existencia de justa causa cuando ese aspecto esté en controversia.
Por los fundamentos antes expuestos, revocamos la sentencia apelada y devolvemos el caso al Tribunal de Primera Instancia para que continúen los procedimientos compatibles con lo aquí resuelto.
NOTIFIQUESE.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General