Delgado Hernández, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Examinamos las disposiciones sobre traspaso de negocios en marcha de la Ley de Despidos Injustificados de Puerto Rico, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. sees. 185a y ss. Resolvemos que en las circunstancias de autos no ocurrió un traspaso de negocio en marcha que activara las disposiciones de dicha ley. En consecuencia, revocamos al Tribunal de Primera Instancia, que le impuso responsabilidad al patrono adquirente en este caso.
*1191 I
Carmen Espinosa trabajó en la Farmacia Domínguez de Humacao, desde el 1986 hasta el 15 de octubre de 1991, en que Mass Services Corporation h/n/c El Amal adquirió el inventario y equipo de la misma. En noviembre de 1991 comenzó a trabajar con El Amal bajo un contrato de empleo probatorio. Fue despedida durante la vigencia del período probatorio pactado, el 18 de diciembre de 1991. Como resultado, demandó al patrono bajo la Ley Núm. 80. Alegó haber sido despedida sin justa causa y reclamó el pago de la indemnización estatutaria.
El Tribunal de Instancia concluyó que el despido fue injustificado. Resolvió que El Amal era un "patrono sucesor" de la Farmacia Domínguez; que existía continuidad en el empleo de la demandante; que en consecuencia el contrato de empleo probatorio era contrario al orden jurídico; y que Espinosa no había incurrido en conducta alguna que justificara el despido.
Condenó a El Amal a pagar la indemnización solicitada, la cual computó a base del tiempo trabajado por Espinosa tanto para el Amal como para la Farmacia Domínguez. Finalmente, la sentenció al pago de honorarios de abogado. De dicho dictamen ha apelado El Amal.
II
La Ley Núm. 80 dispone que un empleado contratado por tiempo indeterminado que es despedido sin justa causa tiene derecho a recibir de su patrono una indemnización de un mes de salario, y de una semana de salario por cada año completo de servicio para el patrono. 29 L.P.R.A. sec. 185a. Si el empleado es despedido durante la vigencia de un período probatorio, no tiene derecho a indemnización alguna bajo dicha ley. 29 L.P.R.A. sec. 185h; Cassasús v. Escambrón Beach Hotel, 86 D.P.R. 375, 381 (1962); Opinión Núm. 1 del Secretario del Trabajo y Recursos Humanos, 12 de junio de 1989, pág. 1.
De acuerdo a la Ley Núm. 80, el patrono sólo puede someter a período probatorio a nuevos empleados. 29 L.P.R.A. sec. 185h. El Amal sostiene que Espinosa era una nueva empleada suya, por lo que podía someterla a un contrato de empleo probatorio y despedirla durante la vigencia del mismo, sin incurrir en responsabilidad bajo la Ley Núm. 80.
Por su parte, Espinosa alega haber sido retenida a raíz del "traspaso de un negocio en marcha". De ese ser el caso, no podía ser sometida a un contrato de empleo probatorio. Veamos por qué.
De ordinario, las personas que trabajan para el vendedor de un negocio en marcha que son retenidos por el comprador luego de la compraventa se consideran nuevos empleados de éste. Por excepción, sin embargo, la Ley Núm. 80 dispone que dichos empleados retienen la antigüedad que tenían acumulada con el vendedor. 29 L.P.R.A. sec. 185f. De ahí que, según se explica en las "Guías para la Interpretación y Aplicación de la Ley Núm. 80", promulgadas por el Departamento del Trabajo y Recursos Humanos, el adquirente de un negocio en marcha sólo puede someter a período probatorio a los empleados del vendedor que hayan estado trabajando bajo un contrato de empleo probatorio al momento de la adquisición. Id., a las págs. 48-49.
Por tanto, si El Amal efectivamente retuvo a Espinosa a raíz de un "traspaso de negocio en marcha", no podía descansar en un contrato de empleo probatorio para despedirla injustificadamente sin incurrir en responsabilidad bajo la Ley Núm. 80. Adviértase que la empleada tenía 17 años de antigüedad acumulada con la Farmacia Domínguez y no estaba sometida (no podía estarlo) a un contrato de empleo probatorio al momento en que se consumó la transacción. Empero, concluimos que no hubo un "traspaso de negocio en marcha" en este caso. Nos explicamos.
La Ley Núm. 80 no define dicho término. El historial legislativo guarda silencio sobre cómo debe de interpretarse el mismo. Por su parte, las "Guías para la Interpretación y Aplicación de la Ley Núm. 80" señalan que en la evaluación de si ha ocurrido un "traspaso de negocio en marcha" deben utilizarse por analogía "algunos" de los elementos que caracterizan la figura del "patrono sucesor". Id., a la pág. 48. No analizan cuáles. Varios autores, no obstante, han examinado este asunto al discutir la naturaleza jurídica de la empresa y las diversas transacciones de que puede ser objeto. Veamos.
*1192 Como sinónimo de empresa, un negocio se compone de elementos tales como nombre comercial, establecimiento o local, contratos (de arrendamiento; seguros; suministros, etc.), líneas de crédito, cuentas por cobrar, patentes y marcas de fábrica, mobiliario y equipo, mercancía, métodos de producción, clientela, empleados, gerencia, y otros. Fernando Sánchez Calero, Instituciones de Derecho Mercantil, Editorial Revista de Derecho Privado, Madrid, 1988, pág. 115; José Fernández Ruiz, El Derecho y la Empresa, Ediciones Deusto S.A., Bilbao, 1981, pág. 87.
En conjunto, estos elementos forman una unidad económica que puede ser objeto de tráfico jurídico. Raúl Etcheverry, Manual de Derecho Comercial, Editorial Astrea, Buenos Aires, 1983, págs. 446-448; J. Girón Teña, "Sobre las Características Generales desde los Puntos de Vista Político-Jurídico y Conceptual de los Problemas Actuales en Torno a la Empresa", Estudios de Derecho Mercantil en homenaje al Profesor Antonio Polo, Editorial Revista de Derecho Privado, Madrid, 1981, pág. 301.
Una de las posibles transacciones de que pueden ser objeto es la compraventa en bloque, conforme a la cual se transfieren todos los elementos constitutivos del negocio como una unidad, que continúa operando con un mero cambio en la identidad del empresario o titular. Cuando ello ocurre, se entiende que ha tenido lugar un traspaso de negocio en marcha. II Emilio Langle y Rubio, Manual de Derecho Mercantil Español, Bosch, Barcelona, 1954, págs. 44-47.
III
Un análisis detenido de los autos nos persuade que El Amal no adquirió un negocio en marcha. La empresa no adquirió un negocio que continuara operaciones después del cambio de titular. Entre otras cosas, notamos que El Amal no está utilizando el local de su predecesor. Conforme a la prueba el dueño de la Farmacia Domínguez vendió el negocio porque el arrendador del local no quiso continuar con el arrendamiento. El Amal tampoco tiene o usa el nombre del vendedor.
Por otro lado, si bien el contrato de compraventa dispone que El Amal adquirió el Certificado de Necesidad y Conveniencia de la Farmacia Domínguez, la realidad es que dichos certificados son intransferibles. Ley Núm. 2 de 7 de noviembre de 1975, 24 L.P.R.A. sees. 334 y ss., según enmendada por la Ley Núm. 16 de 19 de septiembre de 1983, 24 L.P.R.A. sec. 334a. El Amal tampoco sustituyó a la Farmacia Domínguez en contratos de arrendamiento, seguros, o suministros. Aunque adquirió el mobiliario, mercancía e inventario de la Farmacia Domínguez, lo envió a otros establecimientos que opera en la Isla, no a aquél en el cual trabajó Espinosa. En estas circunstancias, no podemos concluir, como cuestión de derecho, que Espinosa haya sido retenida por El Amal a raíz del traspaso de un negocio en marcha. 
El Amal adquirió algunos de los elementos que integraban el negocio de la Farmacia Domínguez, no un negocio en marcha. En rigor, por tanto, Espinosa era una nueva empleada de la empresa demandada. Podía ser sometida a un contrato de empleo probatorio. Su despido durante la vigencia del mismo no le da derecho a indemnización alguna bajo la Ley Núm. 80.
rv
Por último, dejamos sin efecto la imposición de honorarios de abogado. En general, sólo procede la imposición de honorarios de abogado en casos de frivolidad. Empero, el Artículo 2 de la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, dispone que el patrono en reclamaciones laborales será responsable de los honorarios de abogado del trabajador. 32 L.P.R.A. see. 3115. La imposición de los honorarios está estatutariamente condicionada a que se conceda en todo o en parte la reclamación del trabajador. Id. A la luz del resultado al que llegamos, es improcedente la imposición de honorarios de abogado sobre el patrono en este caso.
Por los fundamentos expuestos, se revoca la sentencia.
NOTIFIQUESE.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
*1193 ESCOLIOS 95 DTA 304
1. La venta de los activos de un negocio generalmente produce un cambio en la identidad del patrono, JRT v. Cooperativa Azucarera, 98 D.P.R. 314, 322 n.1 (1970), con lo cual cesa el empleo de las personas que trabajan para el vendedor. Véase Avilés v. Corte, 69 D.P.R. 1, 2-4 (1948). El adquirente no tiene la obligación de retener o contratar dichos empleados. Kobell v. Suburban Lines. Inc., 113 L.R.R.M. (BNA) 2990, 2994 (W.D.Pa.), conf. en 731 F. 2d 1076 (3er. Cir.). Si lo hace, de ordinario se crea una nueva relación de empleo entre éstos y aquél.
2. El "patrono sucesor" es aquel que ha adquirido una cantidad sustancial de activos y continuado sin interrupción o cambio sustancial las mismas operaciones del vendedor, en el mismo local, con los mismos empleados, supervisores, productos, servicios, maquinaria, equipo, y métodos de producción del predecesor. JRT v. Cooperativa Azucarera, supra, a las págs. 323-324. Véase además Golden State Bottling v. NLRB, 414 U.S. 168, 182 (1973). La figura se desarrolló, y existe primordialmente, para proteger el derecho de los trabajadores a organizarse y a negociar colectivamente con sus patronos. J.R.T. v. Asoc. C. Playa Azul, 117 D.P.R. 20, 28 (1986). En esencia, las "Guías" se limitan a señalar que el nuevo dueño de un negocio sería responsable bajo la Ley Núm. 80 si continuara produciendo el mismo producto o prestando los mismos servicios que el anterior dueño. No examinan ni discuten el peso relativo que deben tener los restantes factores que informan esta figura.
3. Por lo mismo, tampoco podría decirse, contrario a lo resuelto por el Tribunal de Primera Instancia, que El Amal sea un "patrono sucesor" de la Farmacia Domínguez. Aunque ambas entidades están en la misma industria, es evidente que El Amal no ha continuado el negocio de su predecesor. Además, ni siquiera se cumple en autos con el requisito básico de la doctrina de patrono sucesor, a saber, que la mayoría de los empleados del adquirente hayan sido empleados del predecesor. Véanse Rafael Cuevas Kuinlam, "Nueva Ley de Despido Injustificado", 38 Rev. Col. Abog., págs. 271, 276; I Hardin, The Developing Labor Law, BNA, 3ra ed., pág. 781 ("The paramount criterion in determining successorship is the continuity of the workforce"); NLRB v. Burns Int'l Sec. Servs., 406 U.S. 272 (1972).
La Farmacia Domínguez sólo tenía cuatro (4) empleados. En cambio, El Amal tiene doce (12) empleados en el local al cual asignó a Espinosa, sólo dos (2) de los cuales, incluyendo a la demandante, trabajaron para la Farmacia Domínguez. Véase en este sentido a Howard Johnson v. Detroit Local, 417 U.S. 249 (1974), en el cual se resolvió que el adquirente de una hospedería y restaurante no era un patrono sucesor, toda vez que la mayoría de sus empleados no habían sido empleados del predecesor. Véase además G.W.Hunt, 258 N.L.R.B. 1198, 1201 (1981).
Considerando el hecho de que no está presente el criterio más importante de la figura de "patrono sucesor", no estimamos necesario examinar qué elementos adicionales desarrollados principalmente para fines de negociación colectiva, son esenciales o apropiados para configurar o definir una situación de "traspaso de negocio en marcha" para fines de la Ley Núm. 80.