CARMEN D. VÉLEZ DE REILOVA, demandante y recurrida, *v.* RAMÍREZ PALMER BROS., INC., demandada y recurrente.

*Número:* CE-66-7  *Resuelto:* 3 de marzo de 1967

*Héctor M. Laffitte,* abogado del recurrente; *Manuel Janer Mendía, Rafael A. Marzán Robles* y *Alberto Pagán Pagán,* abogados de la recurrida.

Sala Primera integrada por su Presidente el Juez Asociado Señor Pérez Pimentel y los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Rigau.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La señora Carmen D. Vélez de Reilova instó querella ante la Sala de San Juan del Tribunal de Distrito contra Ramírez Palmer Bros., Inc., en reclamación de compensación por despido injustificado. Alegó que la querellada explota un negocio lucrativo en la operación del cual había contratado sus servicios sin tiempo determinado y que en 27 de julio de 1962 fue despedida de su empleo sin que mediase justa causa, negándose la querellada a pagarle la compensación correspondiente por despido injustificado.

La querellada negó haber despedido de su empleo a la querellante y como defensa alegó que con motivo de una reorganización de su negocio la querellante fue transferida de su trabajo de instructora técnica de belleza a la plaza de vendedora para salones de belleza, cargo éste que se negó a aceptar.

El Tribunal de Distrito declaró con lugar la querella luego de formular las siguientes conclusiones de hecho:

"La parte querellada Ramírez Palmer Bros., Inc., para el 27 de julio de 1962, explotaba un negocio lucrativo en la operación del cual utilizó los servicios de la querellante Carmen D. Vélez de Reilova.

"La querellante comenzó a trabajar para la querellada allá para el 1955, en calidad de vendedora de productos de belleza. En 1958, fue enviada a los Estados Unidos a cursar estudios avanzados en tintes, obteniendo el grado de maestra en ese campo.

"Al regreso de los Estados Unidos, la querellante pasó a ocupar la plaza de instructora de belleza, la cual desempeñó eficientemente hasta el 27 de julio de 1962, devengando un sueldo de $100 semanales. En dicha fecha la querellada le ofreció el puesto de vendedora de productos de belleza con un sueldo semanal de $50.00, $100.00 para gastos de automóvil, asignándosele una cuota mínima de ventas de $2,000 mensuales. También se le ofreció un 2% de comisión sobre la venta en exceso de $2,000 mensuales y el 1% de los cobros efectuados por ella.

"La querellante estuvo en disposición de volver a ocupar el puesto de vendedora si se le pagaba $100.00 semanales, o sea, el salario que devengaba en calidad de instructora de belleza y el cual se ajusta a su capacidad y preparación. Entonces la parte querellada sustituyó a la querellante con nuevos empleados que hacían el mismo trabajo que ésta realizaba.

"Aun cuando la parte querellante no fue expresamente despedida, al ofrecérsele un puesto inferior en categoría, sueldo, condiciones de trabajo y sustituírsele por nuevos empleados, hubo un despido constructivo."

Al confirmar la sentencia el Tribunal Superior se expresó así:

". . . No hay duda que la legislación obrera en su enfoque como unidad de cuerpo de leyes tiende a proteger y favorecer al obrero. La indemnización por despido injustificado no es más que un eslabón en la cadena. Está creada para proteger al trabajador a continuar en *su empleo* y a no ser despedido capri-

chosamente y *substituido* por otro trabajador, siempre que el patrono continúe sus actividades y *necesite los servicios* del obrero. Véase *P.R. Gas* [sic] *& Tire Sales* v. *Tribl. de Distrito,* 68 D.P.R. 398. La querellante era instructora de belleza luego de haber realizado estudios de capacitación al efecto. Por admisión del patrono, era eficiente en esa labor. Mal puede una llamada reorganización traerla atrás a lo que había sido antes en la empresa, con un ingreso fijo del 50% del sueldo que tenía, cubrir su puesto anterior con otro empleado y no decir que hay un despedido implícito. ¿Hasta donde puede echarse atrás un empleado sin que equivalga a un despido? Probablemente haya que decidirlo, al igual que lo de justa causa, caso a caso, por las circunstancias o situaciones de hecho en cada uno, Cf. *Mercedes Bus Line* v. *Trib. de Distrito,* 70 D.P.R. 690; *Blanes* v. *Trib. de Distrito,* 69 D.P.R. 113; pero estimamos que la apreciación del Juez apelado estuvo correcta."

La ley invocada por la querellante dispone: "Todo empleado de comercio, industria o cualquier negocio lucrativo, contratado sin tiempo determinado, que fuere despedido de su cargo sin justa causa, tendrá derecho a recibir de su patrono, en adición al sueldo que hubiere devengado, el sueldo correspondiente a un mes por concepto de indemnización." Ley Núm. 50 de 20 de abril de 1949 (29 L.P.R.A. sec. 183).

■ Conforme a esta ley procede la indemnización cuando el empleado concernido es despedido de su cargo sin justa causa, pero el despido no tiene necesariamente que ser expreso.

■ Los actos voluntarios e injustificados de un patrono encaminados a obligar al empleado a dejar su cargo, constituyen un despido cuando la única alternativa razonable que queda al empleado es la de abandonar el cargo. ¿Hubo un despido implícito en el caso de la aquí querellante?

Tanto el fallo del Tribunal de Distrito como el del Tribunal Superior se fundamentan en dos premisas erróneas, a saber: (1) que la querellada ofreció a la querellante un

puesto inferior en categoría, sueldo y condiciones de trabajo, y (2) que fue sustituida por nuevos empleados.

■ La prueba establece que en virtud de la recomendación hecha por la casa Clairol, Inc., de Nueva York, el puesto de demostradora o instructora de belleza que ocupaba la querellante con la querellada fue sustituido por el de vendedora de productos de belleza. Este nuevo cargo se le ofreció a la querellante con un sueldo de $50.00 semanales, $100.00 mensuales para gastos de automóvil, asignándosele una cuota mínima de $2,000.00 de venta mensual, un 2% de comisión sobre todas las cuentas en exceso de $2,000.00 y 1% de comisión en todos los cobros efectuados por ella.

La querellante exigió un sueldo de $100.00 semanales que era el sueldo que devengaba como instructora de belleza. Al no aceptar el cargo de vendedora de productos de belleza la querellada procedió a nombrar a otra persona para dicho cargo. La querellante no fue sustituida en el cargo de instructora o demostradora de productos de belleza, como parece indicar el fallo recurrido. En la reorganización del negocio de la querellada se eliminó el cargo de demostradora o instructora de belleza que ocupaba la querellante y se creó en su lugar el de vendedora de productos de belleza. La prueba demuestra además que el sueldo asignado al nuevo cargo sería igual o mejor que el del cargo eliminado y además que resultaría más cómodo para la querellante.

De estos hechos no puede inferirse, como erróneamente resolvieron los tribunales inferiores que la querellante fuera despedida de su empleo.

*Se revocará la sentencia objeto de revisión y se dictará otra declarando sin lugar la querella.*