**Bradley GOODRICH, Plaintiff,**

v.

**CML FIBEROPTICS, INC., Ronald S. Goldstein and Chicago Miniature Lamp, Inc. Defendants.**

**Civil Action No. 97–40061–NMG.**

United States District Court, D. Massachusetts.

Jan. 15, 1998.

Raymond J. Reed, Reed & Reed, Worcester, MA, for Plaintiff.

Joseph L. Kociubes, Anthony E. Fuller, Bingham, Dana & Gould, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

On April 16, 1997, the plaintiff, Bradley Goodrich ("Goodrich") brought claims against his former employer, CML Fiberoptics, Inc. ("CML"), its parent company, Chicago Miniature Lamp, Inc., and that company's Chief Financial Officer, Ronald S. Goldstein (collectively "the defendants") for 1) violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") and 2) violation of M.G.L. c. 149 § 150. Pending before this Court is the motion of the defendants pursuant to Fed.R.Civ.P. 12(b) to dismiss the claims on the grounds that 1) Goodrich fails to state a claim under ERISA and 2) this Court should decline to exercise supplemental jurisdiction over the remaining state law claim.

## I. *Motion to Dismiss for Failure to State a Claim*

A motion to dismiss for failure to state a claim may be allowed only if it appears, beyond doubt, that the plaintiffs can prove no facts in support of their claim that entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The Court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 17 (1st Cir. 1992). The Court is required to look only to the allegations of the complaint and if, under any theory, they are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987).

In the first count of his complaint, Goodrich alleges that his discharge violated 29 U.S.C. § 1140 which provides:

It shall be unlawful for any person to discharge ... a participant or beneficiary of an employee benefit plan ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ....

29 U.S.C. § 1140. According to the complaint, CML discharged Goodrich in order to prevent him from exercising stock options pursuant to the "Chicago Miniature Lamp, Inc. 1995 Incentive and Non-statutory Stock Option Plan" ("the Stock Option Plan" or "the Plan"). If he had not been terminated on August 13, 1996, the Plan would have entitled Goodrich to exercise those options for the first time in December, 1996, and subsequently over a three year period.

Under ERISA, the term "employee benefit plan" means either an "employee pension benefit plan" or an "employee welfare benefit plan." 29 U.S.C. § 1002(3). An "employee pension benefit plan" is:

any plan, fund, or program ... established or maintained by an employer ... to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond

. . . .

18 U.S.C. § 1002(2).

In the present case, the Stock Option Plan, which, as described in the complaint, pro-

vides for the exercise of stock options on specific dates over a three-year period, is not an "employee pension benefit plan." The Plan does not provide retirement income to employees, even if the exercise of options might result, incidentally, in some payment to them after retirement. *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 575 (5th Cir. 1980) ("The words 'provides retirement income' patently refer only to plans designed for the purpose of paying retirement income whether as a result of their express terms or surrounding circumstances.") Similarly, the Plan does not result in a deferral of income.

It is undisputed that the Stock Option Plan is not within the definition of "employee welfare benefit plan," which includes health benefits, accident and disability benefits, unemployment benefits, training programs, day care centers, scholarship funds, prepaid legal services and other benefits specified in § 186(c) of the Labor Management Relations Act, 29 U.S.C. §§ 141–197. 29 U.S.C. § 1002(1).

Because the Stock Option Plan is not an "employee benefit plan" as defined in ERISA, Goodrich fails to state a claim under 29 U.S.C. § 1140. This Court will, therefore, allow the defendants' motion to dismiss that claim.

## II. *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

The defendants move that this Court dismiss the plaintiff's remaining state law claim for lack of subject matter jurisdiction. Because both Goodrich and the individual defendant, Ronald S. Goldstein, are citizens of Massachusetts, there is no diversity jurisdiction over that claim. The only possible basis for federal jurisdiction, therefore, is 28 U.S.C. § 1369 which provides, in relevant part:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection

(a) if—

(3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1369(c)(3); *see also Lafian v. Electronic Data Systems Corp.*, 856 F.Supp. 339, 348 (E.D.Mich.1994) (dismissing pendent state law claims for breach of contract and misrepresentation where the plaintiff, alleging he was prevented from participating in a stock option bonus plan, failed to state a claim under ERISA). Having dismissed the only claim over which it has original jurisdiction, this Court declines to exercise jurisdiction over the remaining state law claim and will, therefore, allow the defendant's motion to dismiss.

### ORDER

For the foregoing reasons, the motion of the defendants to dismiss (Docket No. 5) is **ALLOWED**.

So ordered.