ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| KARITZA I. RODRÍGUEZ SANTIAGO<br><br>Apelante<br><br>v.<br><br>JOSÉ ECHEVARRIA DISEÑADOR, CORP. Y OTROS<br><br>Apelada | KLAN202401125 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. PO2024CV00036<br><br>Sobre: Despido Injustificado (Ley Núm. 80) y otros |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de marzo de 2025.

I.

La Sra. Karitza I. Rodríguez Santiago comenzó a trabajar en la compañía del Sr. José Echevarría en junio del año 2014, mediante un contrato de empleo sin término determinado. El 7 de junio de 2023, la señora Rodríguez Santiago y otro empleado -quien era su expareja- sostuvieron una discusión relacionada a un arreglo floral que esta recibió. El Sr. José Echevarría habló sobre el acontecimiento con ambas partes y les advirtió que lo anterior no podía volver a ocurrir en su negocio.

A raíz de otro incidente suscitado el 20 de diciembre de 2023, donde la señora Rodríguez Santiago mantuvo una actitud "intimidante, amenazante, altanera, escandalosa y hostil" en el empleo,[1] y cuya situación duró poco más de diecinueve (19) minutos,[2] el patrono, el señor Echevarría, le requirió a esta que

---

[1] Determinación de hecho número 86 en la Sentencia apelada.
[2] Determinación de hecho número 65 de la Sentencia apelada.

Número Identificador

SEN2025_____

recogiera sus cosas y se fuera.[3] Nunca le remitió carta o de alguna manera le notificó que la estaba despidiendo.

El 20 de diciembre de 2023, la señora Rodríguez Santiago presentó *Querella* por despido injustificado, al amparo de la Ley Núm. 80-1976. Debidamente emplazado, en su alegación responsiva presentada el 29 de enero de 2024, el señor Echevarría adujo como defensa que la señora Rodríguez Santiago fue despedida por insubordinación.

Celebrado el juicio en su fondo, el 4 de diciembre 2024, notificada en igual fecha, el Tribunal *a quo* dictó *Sentencia* desestimando la *Querella*. Inconforme, el 16 de diciembre de 2024, la señora Rodríguez Santiago recurrió ante nos mediante *Apelación*. Plantea, que el Tribunal de Primera Instancia erró, como cuestión de derecho, al declarar No Ha Lugar la *Querella*. El 19 de diciembre de 2024 concedimos plazo de treinta (30) días al señor Echevarría para que compareciera con su alegato. Así lo hizo el 27 de enero del corriente año. Contando con el beneficio de las comparecencias de las partes, procedemos a resolver.

II.

En Puerto Rico existe una fuerte política pública a favor del derecho laboral. La Ley sobre Despidos Injustificados, Ley Núm. 80 de 30 de mayo de 1976,[4] que busca establecer un balance racional entre el trabajador y el patrono, fue aprobada con el propósito

---

[3] Determinación de hecho número 85 de la Sentencia apelada: "El Tribunal pudo constatar en el video presentado por estipulación de las partes como Exhibit C que la querellante el 20 de diciembre de 2023 se descontroló, utilizó palabras no apropiadas en el ambiente laboral, manifestó y trajo a la atención otros eventos, alteró el entorno laboral no sólo del Sr. Ricardo Echevarría quien inicialmente se encontraba sólo con la querellante, sino además de las personas que intervinieron con la querellante y las que entraron para ayudar al Sr. Ricardo Echevarría cuando la situación provocada por la querellante tuvo el efecto de que el Sr. Ricardo Echevarría se descompensara".

[4] 29 LPRA § 185a *et seq.*

expreso de proteger a los trabajadores y desalentar los despidos injustificados.[5]

A tenor con el Art. 1, de la precitada ley, para que prospere una causa de acción al amparo de la Ley Núm. 80-1976, **es necesario que se pruebe que el empleado fue despedido y no medió justa causa para el mismo**.[6] Concluida la ausencia de justa causa para un despido, no se trata de un despido ilegal o inválido, sino de un despido que no reúne los criterios que la Asamblea Legislativa, como gestor de la Ley, consideró razonables para el despido, por lo que surge el deber de indemnizar al empleado por dicha acción. "Así, el esquema habilitado por la Ley Núm. 80 constituye realmente un impuesto al despido sin justa causa, toda vez que desincentiva, pero no prohíbe, los despidos injustificados".[7]

En términos generales, la Ley Núm. 80-1976 establece que todo empleado que haya sido despedido de manera injustificada tendrá derecho a recibir de su patrono una indemnización.[8] Ahora bien, de existir justa causa, este puede ser despedido sin penalidad para el patrono.[9] Se ha considerado como justa causa aquella que tiene su origen en alguna razón o motivo vinculado a la ordenada marcha y normal funcionamiento de una empresa y no en el libre arbitrio o capricho del patrono.[10] En lo pertinente, la Ley Núm. 80-1976 precisa varios escenarios en los cuales se considera que el despido fue justificado, tales como:

> (a) Que el empleado incurra en un patrón de conducta impropia o desordenada.

---

[5] 29 LPRA § 185a; *SLG Torres Mantundan* v. *Centro de Patología*, 193 DPR 920 (2015); *González Santiago* v. *Baxter*, 202 DPR 281 (2019); *Izagas Santos* v. *Fam. Drug Ctr.*, 182 DPR 463, 480 (2011).

[6] *Díaz Santiago* v. *International Textiles*, 195 DPR 862, 872 (2016); *S.L.G. Serrano-Báez* v. *Foot Locker*, 182 DPR 824, 835 (2011).

[7] Departamento del Trabajo y Recursos Humanos, *Guías para la Interpretación de la Legislación de Puerto Rico*, pág. 123 (1era ed. 2019).

[8] 29 LPRA §185b.

[9] *Santiago* v. *Kodak Caribbean, Ltd.*, 129 DPR 763, 775 (1992).

[10] *SLG Zapata-Rivera* v. *J.F. Montalvo*, 189 DPR 414, 424-426; *Figueroa Rivera* v. *El Telar, Inc.*, 178 DPR 701, 706 (2010) (citando a *Srio. del Trabajo* v. *G.P. Inds., Inc.*, 153 DPR 223, 244 (2001)).

(b) Que el empleado incurra en un patrón de desempeño deficiente, ineficiente, insatisfactorio, pobre, tardío o negligente. Esto incluye incumplir con normas y estándares de calidad y seguridad del patrono, baja productividad, falta de competencia o habilidad para realizar el trabajo a niveles razonables requeridos por el patrono y quejas repetidas de los clientes del patrono.

(c) Violación reiterada por el empleado de las reglas y reglamentos razonables establecidos para el funcionamiento del establecimiento siempre que copia escrita de los mismos se haya suministrado oportunamente al empleado.

(d) Cierre total, temporero o parcial de las operaciones del establecimiento. Disponiéndose, que en aquellos casos en que la empresa posea más de una oficina, fábrica, sucursal o planta, el cierre total, temporero o parcial de las operaciones de cualquiera de estos establecimientos, constituirá justa causa para el despido a tenor con esta sección.

(e) Los cambios tecnológicos o de reorganización, así como los de estilo, diseño o naturaleza del producto que se produce o maneja por el establecimiento y los cambios en los servicios rendidos al público.

(f) Reducciones en empleo que se hacen necesarias debido a una reducción en el volumen de producción, ventas o ganancias, anticipadas o que prevalecen al ocurrir el despido o con el propósito de aumentar la competitividad o productividad del establecimiento.[11]

Ciertamente, la Ley Núm. 80-1976 no favorece el despido como sanción a la primera falta.[12] No obstante, esta norma no es absoluta, se justifica el despido en la primera ofensa **cuando la gravedad y potencial agravio de la conducta en cuestión haya puesto en riesgo el orden, la seguridad o eficiencia del establecimiento se consideran una sola ofensa o primera falta como justa causa para el despido.**[13] Asimismo, la falta de confianza, la negligencia, la incompetencia, la deslealtad y **la**

---

[11] 29 LPRA § 185b.

[12] *Indulac* v. *Central General de Trabajadores*, 207 DPR 279, 299-300 (2021); *Feliciano Martes* v. *Sheraton*, 182 DPR 368, 382 (2011) (citado a *Secretario del Trabajo* v. *I.T.T.*, 108 DPR 536, 542-543 (1979)).

[13] *Íd.; Miranda Ayala* v. *Hosp. San Pablo*, 170 DPR 734, 738 (2007).

**desobediencia a las reglas y órdenes del patrono son motivos justificados para despedir a un empleado**.[14]

En virtud de ello, el patrono tiene la autoridad de establecer aquellas reglas que entienda razonables. Constituye parte del contrato de trabajo el manual que contenga las reglas, los reglamentos y las normas del trabajo, como también los beneficios y los privilegios que disfrutará el empleado. Ahora, un despido en violación a este procedimiento también resultaría en un despido injustificado.[15]

III.

En el presente caso, posterior al altercado del 7 de junio de 2023, la señora Rodríguez Santiago fue advertida verbalmente de que no podía incurrir en otro incidente en su lugar de empleo. Puesto que, ello no solo la afectó a ella emocionalmente, sino que se alteró negativamente el ambiente de trabajo, generando tensiones entre sus compañeros de labores. Sin embargo, el 20 de diciembre de 2023, nuevamente se suscitó un incidente grave entre ella y otro empleado -quien era su expareja-. Esta vez, resultó en el despido de la señora Rodríguez Santiago, quien actuó de manera insubordinada frente a su gerente y el director de recursos humanos. Al así actuar, la señora Rodríguez Santiago atentó contra la eficiencia y la disciplina dentro de la empresa, y afectó negativamente el ambiente de trabajo y la relación de confianza con sus superiores. No estamos, por tanto, ante un despido caprichoso, sino ante una decisión tomada en pro de la empresa y su adecuado funcionamiento. No erró, por tanto, el Foro sentenciador al desestimar la *Querella*.[16]

---

[14] *Vázquez Cintrón* v. *Banco Desarrollo*, 171 DPR 1, 45 (2007) (citando a *Mercedes Bus Lines* v. *Tribl. De Distrito*, 70 DPR 690, 695 (1949)); *P.R. Cap & Tires Sales Co.* v. *Tribunal*, 68 DPR 398, 402 (1948).

[15] *C.O.P.R.* v. *S.P.U.*, 181 DPR 299 (2011); *Miranda Ayala*, 170 DPR 734 (2007).

[16] Nos parece inmeritorio el argumento de que el patrono, señor Echevarría, nunca le notificó formalmente el despido a la señora Rodríguez Santiago. Independientemente de la existencia de una notificación formal de despido, la orden del señor Echevarría a la señora Rodríguez Santiago para que se fuera del trabajo fue interpretado por esta como un despido. Tan es así que no regresó a su lugar de empleo. En el mejor de los casos, de no haber mediado un despido,

IV.

Por los fundamentos antes expuestos, se *confirma* la sentencia recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

entonces estaríamos ante un abandono voluntario de empleo, no constructivo, acción que no está protegida por el estatuto. Aunque el Tribunal Supremo ha reconocido la modalidad de despido constructivo, para que una alegación como esta prospere, no es suficiente cualquier molestia o condición antipática en el empleo. Por el contrario, son las actuaciones patronales arbitrarias, irrazonables y caprichosas que generan una atmósfera hostil para el obrero e impiden una sana estadía en el trabajo. Estas tienen que ser originadas por un motivo ajeno al legítimo interés de salvaguardar el bienestar de la empresa. Véase *Rivera* v. *The Brusch Co.*, 180 DPR 894, 907-909 (2011).